IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VETON KRASNIQI, <br>     PLAINTIFF, <br><br> v. <br><br> P&B CAPITAL GROUP, LLC, <br> DIVERSE FUNDING ASSOCIATES LLC, and <br> TRAVELERS CASUALTY AND SURETY <br>     COMPANY OF AMERICA, <br>     DEFENDANTS | Case No. 4:21-cv-238 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by P&B Capital Group, LLC ("P&B") and Diverse Funding Associates LLC ("Diverse"), (collectively referred to as "Defendants").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this Judicial District.

## **PARTIES**

6. Plaintiff, Veton Krasniqi ("Plaintiff"), is an adult individual residing in Collin County, Texas.

7. P&B is a New York company operating from 455 Center Rd., West Seneca, NY 14224.

8. P&B is not registered to do business in Texas, but can be served via its registered agent in New York, Corporation Service Company, at 80 State Street, Albany, NY 12207.

9. Diverse is a Delaware entity operating from the Buffalo, New York area.

10. Diverse can be served via its registered agent in Texas, COGENCY GLOBAL INC., at 1601 Elm St., Suite 4360, Dallas, TX 75201.

11. Defendant Travelers Casualty and Surety Company of American ("Travelers") is liable for acts committed by P&B pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 775224999TX, as well as any other applicable law.

12. Travelers is liable for acts committed by Diverse pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241399TX, as well as any other applicable law.

13. Travelers is a foreign entity that can be served in the state of Texas via its registered agent in Texas, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## **FACTUAL ALLEGATIONS**

14. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old account established to finance

the purchase of some furniture for Plaintiff.  The funds received as part of the Account was not used for any business or commercial purposes.

15. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

16. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

18. Diverse is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.

19. On its website (www.diversefundingllc.com/our-services/) Diverse advertise the following:  "At Diverse Funding Associates, LLC, We Provide the Following Services[:] Purchasing non-performing receivables[.]"

20. As will be described below, Diverse purchased the Account owed by Plaintiff and then hired P&B to collect on it.  Diverse also spoke with Plaintiff on the phone and gave Plaintiff information about his Account and about how he could repay the Account.

21. Diverse uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

22. P&B's consumer website (www.pandbcapitalgroup.com) says:

> P&B Capital Group was established in 2004 with the intention of bridging the gap between creditors and consumers.
> …

> For too long, consumers that let accounts go delinquent and the collection agencies that collect on those accounts have suffered from an undeserved reputation in most cases.  Our company understands that unforeseen circumstances can occur in consumers' lives, leaving their finances in turmoil.  We strive to be the company that offers consumers resolutions that allow them to pay off their debts in a case specific fashion, helping them to aleviate [sic] the stress of outstanding debt and enabling them to once again get their credit moving in a positive direction.

23. As will be described below, P&B called Plaintiff on the phone for the purpose of collecting the Account allegedly owed by Plaintiff to Diverse.

24. P&B uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

25. P&B regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. P&B is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

27. After the Account allegedly went into default with the original creditor and was purchased by Diverse, Diverse hired P&B to collect the Account.

28. P&B attempted to call Plaintiff multiple times and left messages for Plaintiff on Plaintiff's voicemail.

29. In most of its communications with Plaintiff, P&B used the fictitious and unregistered business name "Markowitz and Associates."  Markowitz and Associates is/was an unregistered fictitious name(s) that is/was used by P&B to hide its identity.

30. On November 25, 2020, P&B left a voicemail message for Plaintiff that stated:

> Good morning, Mr. [inaudible]. My name is Bella Brody. I'm with Markowitz and Associates. I'm calling regarding a complaint that has been filed in Collin County jurisdiction. The file has just been referred to my office for pre-legal review and I do need to make a determination, like the opportunity to go over, not only the terms of the

4

complaint, but the pending allegations. The number you can reach me at is (844) 569-8558. I also have a complaint number for you, which is 5765018-KRASNIQI. Alright? Thank you.

31. On December 1, 2020, P&B left another voicemail for Plaintiff that stated;

Hi, good afternoon. Um, uh, [inaudible] I apologize, I know I slaughtered your last name, so sorry that [sic]. This is Bella Brody with Markowitz and Associates. Yes, I did. I called you last week regarding a civil suit that you're being pursued through Collin County jurisdiction. Um, I didn't hear from you. Um, I can still tell you what's going on. There's a possibility I can pull it back. We're the mediation firm that the client had retained to see if we could resolve this without actually, um, litigating on, on this, uh, particular claim. You may contact me again, (844) 569-8558. I just stepped into a meeting. So I apologize. I could not take your call. Um, I am in the office for about another hour and a half, if you want to get back to me. And, uh, if this is something that we can resolve without actually having to go into County, then, um, I'm sure I can get it back from the client, but I did actually make final recommendations on this on the 27th, which I think that was Friday. Um, you know, the 30th I said, so that was no, the 27th. It was I'm I'm fibbing. It was the [inaudible] Well anyways, give me a call. I do have, um, your information on my desk. So (844) 569-8558. Alright, Venton? Thank you. Bye bye.

32. On December 3, 2020, P&B left another voicemail for Plaintiff that stated:

Good morning, Veton. It's Bella Brody with Markowitz and Associates. Again, we've been retained to handle a civil complaint that is being pursued through Collin County jurisdiction. This is, uh, in reference to you. At this point, recommendations will be made at the end of business today. Listen, my final message on the first, uh, the paperwork is going to be filed. Now, there is a theft of service as well as breach of contract, uh, among some, um, allegations. So I, you can contact me at (844) 569-8558. I, but the recommendations will be made today. Um, uh, good luck, then. Thank you.

33. On December 3, 2020, Plaintiff spoke with Diverse and was told what the balance of the Account was, when it was charged off, that it had been placed with P&B and that Plaintiff could call 844-568-1001 to negotiate a settlement of the Account.

34. On December 4, 2020, Plaintiff received another voicemail message from P&B that stated:

Good morning, Mr. Krasniqi. This is Bella Brody with Markowitz and Associates. Spoke with you briefly yesterday. I know you wanted the evening to look over your paperwork. As I had advised, I had already, I pretty much signed off on the petition on

this. Uh, I need to hear from you sometime today, the 4th of December. Um, if not, unfortunately, I do have to follow through with the complaint that's coming out of Collin County jurisdiction. I, you can contact me at (844) 569- 8558. I am trying to, I am trying to afford you every opportunity to resolve. Alright? Uh, hopefully I'll talk to you later. If not, good luck, sir.Good morning, Mr. Krasniqi. This is Bella Brody with Markowitz and Associates. Spoke with you briefly yesterday. I know you wanted the evening to look over your paperwork. As I had advised, I had already, I pretty much signed off on the petition on this. Uh, I need to hear from you sometime today, the 4th of December. Um, if not, unfortunately, I do have to follow through with the complaint that's coming out of Collin County jurisdiction. I, you can contact me at (844) 569- 8558. I am trying to, I am trying to afford you every opportunity to resolve. Alright? Uh, hopefully I'll talk to you later. If not, good luck, sir.

35. The voicemails transcribe above used language the purpose of which was to cause Plaintiff to believe that P&B and/or Diverse had sued, or imminently would sue, Plaintiff on the Account and that Plaintiff had committed a crime in failing to repay the Account and that P&B was a law firm or was represented by an Attorney in its collection attempts.

36. The least sophisticated consumer would believe that P&B and/or Diverse had sued, or imminently would sue, Plaintiff on the Account and that Plaintiff had committed a crime in failing to repay the Account and that P&B was a law firm or was represented by an Attorney in its collection attempts.

37. The statements or implications that P&B and/or Diverse had sued, or imminently would sue, Plaintiff on the Account and that Plaintiff had committed a crime in failing to repay the Account and that P&B was a law firm or was represented by an Attorney in its collection attempts were false, deceptive and misleading statements.

38. In the voicemails from P&B, P&B failed to provide meaningful disclosure of its identity, failed to inform Plaintiff that the call was from a debt collector or that the call was an attempt to collect a debt or that any information obtained would be used for the purpose of debt collection.

39. Neither P&B nor Diverse ever provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g(a).

40. P&B and Diverse knew that the information communicated to Plaintiff was false and knew that it was required to inform Plaintiff of its status as a debt collector.

41. The purpose for all of the calls and voicemails described above was to attempt to collect the Account.

42. The calls and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

43. The calls and voicemails constituted "communication[s]" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

44. The only reason that P&B and Diverse had conversations and/or left messages with Plaintiff was to attempt to collect the Account.

45. The statements and actions of P&B and Diverse constitute illegal communication in connection with debt collection.

46. At all times relevant hereto, P&B failed to have a surety bond on file with the Texas Secretary of State that properly identified the business name it was using of Markowitz and Associates.

47. All of the conduct by P&B and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

48. Diverse knew, prior to and at the time of the conduct described above, that P&B repeatedly or continuously engaged in acts or practices that are prohibited by the Texas Finance Code § 392.001, *et seq*.

49. As a direct and proximate result of the aforesaid actions, Plaintiff seeks actual and statutory damages pursuant to 15 U.S.C. § 1692k and Tex. Fin. Code § 392.403.

## **RESPONDEAT SUPERIOR**

50. The representative(s) and/or collector(s) at P&B were employee(s) and/or agent(s) of P&B at all times mentioned herein.

51. The representative(s) and/or collector(s) at P&B were acting within the course and/or scope of their employment at all times mentioned herein.

52. The representative(s) and/or collector(s) at P&B were under the direct supervision and/or control of P&B at all times mentioned herein.

53. The actions of the representative(s) and/or collector(s) at P&B are imputed to their employer, P&B.

54. The representative(s) and/or collector(s) at Diverse were employee(s) and/or agent(s) of Diverse at all times mentioned herein.

55. The representative(s) and/or collector(s) at Diverse were acting within the course and/or scope of their employment at all times mentioned herein.

56. The representative(s) and/or collector(s) at Diverse were under the direct supervision and/or control of Diverse at all times mentioned herein.

57. The actions of the representative(s) and/or collector(s) at Diverse are imputed to their employer, Diverse.

58. The representative(s) and/or collector(s) at P&B were agent(s) of Diverse at all times mentioned herein.

59. The actions of the representative(s) and/or collector(s) at P&B are imputed to their principal, Diverse.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY P&B CAPITAL GROUP, LLC

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of P&B and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692(e)(1)&(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(14) and § 1692g(a).

62. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from P&B.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY P&B CAPITAL GROUP, LLC

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of P&B and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(7)&(8) and §392.302(1)&(2) and § 392.304(a)(1)&(5)&(8)&(9)&(14)&(16)&(17)&(19).

65. Pursuant to Tex. Fin. Code § 392.403(a)(2), Plaintiff seeks actual damages from P&B.

66. Pursuant to Tex. Fin. Code § 392.403(a)(1), Plaintiff seeks an injunction prohibiting P&B from acting in violation of the Tex. Fin. Code § 392.001, et seq. as described herein.

67. Pursuant to Tex. Fin. Code § 392.403(b), Plaintiff seeks reasonable attorneys fees and costs from P&B.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY P&B CAPITAL GROUP, LLC

68. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, P&B is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).

Southwest intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

69. Plaintiff suffered actual damages as a result of P&B's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

## COUNT IV:  UNREASONABLE COLLECTION EFFORTS BY P&B CAPITAL GROUP, LLC

70. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, P&B is liable to Plaintiff for its unreasonable collection efforts.

71. Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

72. P&B's collection efforts were unreasonable and wrongful.

73. P&B's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

## COUNT V:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF BY P&B CAPITAL GROUP, LLC

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. The act(s) and omission(s) of P&B and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(7)&(8) and §392.302(1)&(2) and § 392.304(a)(1)&(5)&(8)&(9)&(14)&(16)&(17)&(19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

76. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

### COUNT VI: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DIVERSE FUNDING ASSOCIATES, LLC

77. The previous paragraphs are incorporated into this Count as if set forth in full.

78. The acts and omissions of Diverse and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692(e)(1)&(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(14) and § 1692g(a).

79. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Diverse.

### COUNT VII: VIOLATIONS OF THE TEXAS FINANCE CODE BY DIVERSE FUNDING ASSOCIATES, LLC

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The act(s) and omission(s) of Diverse and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(7)&(8) and §392.302(1)&(2) and § 392.304(a)(1)&(5)&(8)&(9)&(14)&(16)&(17)&(19) and § 392.306.

82. Pursuant to Tex. Fin. Code § 392.403(a)(2), Plaintiff seeks actual damages from Diverse.

83. Pursuant to Tex. Fin. Code § 392.403(a)(1), Plaintiff seeks an injunction prohibiting Diverse from acting in violation of the Tex. Fin. Code § 392.001, et seq. as described herein.

84. Pursuant to Tex. Fin. Code § 392.403(b), Plaintiff seeks reasonable attorneys fees and costs from Diverse.

## COUNT VIII:  IMPUTED LIABILITY OF
## TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
## FOR LIABILITY OF DIVERSE FUNDING ASSOCIATES, LLC

85. The previous paragraphs are incorporated into this Count as if set forth in full.

86. The act(s) and omission(s) of P&B and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(7)&(8) and §392.302(1)&(2) and § 392.304(a)(1)&(5)&(8)&(9)&(14)&(16)&(17)&(19) and § 392.306 are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

87. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## EXEMPLARY DAMAGES

88. Exemplary damages should be awarded against P&B and/or Diverse because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by P&B and/or Diverse to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that P&B's and/or Diverse's actions and/or omissions (i) when viewed objectively from P&B's and/or Diverse's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that P&B and/or Diverse had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

89. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

90. Judgment in favor of Plaintiff and against P&B as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

   e. Such other and further relief as the Court deems just and proper.

91. Judgment in favor of Plaintiff and against P&B and Travelers jointly and severally, as follows:

   a. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

   b. An injunction permanently enjoining P&B following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

   c. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

   d. Such other and further relief as the Court deems just and proper.

92. Judgment in favor of Plaintiff and against Diverse as follows:

   a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    e.  Such other and further relief as the Court deems just and proper.

93. Judgment in favor of Plaintiff and against Diverse and Travelers jointly and severally, as follows:

    a.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.  An injunction permanently enjoining Diverse following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    d.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THEWOODFIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – PMB 208
Little Rock, AR 72223
TEL: 682-651-7599
FAX: 888-598-9022
EMAIL: jeff@jeffwoodlaw.com
*Attorney for Plaintiff*